# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIRANDA ROBBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-20-173-SM |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Miranda Robben (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 16, 18.[1]

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the Commissioner has not carried his step-5 burden given Plaintiff's language level difficulties. Plaintiff maintains the Administrative Law Judge's step-5 findings as to jobs she could

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

perform "were [i]mproper" and "unsupported by the [residual functional capacity assessment[2]] and substantial evidence." Doc. 19, at 4. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 805-18; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since December 5, 2013, the alleged onset date;

(2) had the following severe medically determinable impairments: degenerative disc disease of the lumbar spine, morbid obesity, fibromyalgia, borderline intellectual functioning, and major depressive disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the physical residual functional capacity to perform sedentary work, with additional limitations including: She can sit for two hours before she would need to stand for five minutes but would be able to remain on task and attentive to duties at all time; she is limited to simple, repetitive and routine tasks, with a reasoning level of 2 and below; and she has a limited ability to read, write, and use numbers.

(5) could not perform any past relevant work;

 (6) could perform jobs that exist in significant numbers in the national economy such as food and beverage order clerk, document specialist, and clerical mailer; and thus

 (7) had not been under a disability from December 5, 2013 through October 30, 2019.

*See* AR 805-18.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."

4

*Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

**B.   Issue for judicial review.**

Plaintiff argues that the vocational expert identification of three jobs at step-five "were improper" in that two were reasoning level 3, and the third, reasoning level 2. Doc. 19, at 4. She maintains her dyslexia and dysgraphia impede her ability to perform any of these jobs. *Id.* at 5-10.

The Commissioner concedes that two of the three jobs were of a reasoning level the ALJ's RFC assessment did not contemplate. He argues harmless error, because the third job the vocational expert identified, that of clerical mailer, DOT 209.587-010, 1991 WL 671797, "is appropriately reasoning level two." Doc. 23, at 5-6. As Plaintiff points out, the DOT lists "Addresser" as the third job's title rather than "Clerical Mailer." Doc. 19, at 4.

At the fifth step of the evaluation, the Commissioner bears the burden to show "a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). To determine whether such occupations exist in the national economy, the ALJ "will take administrative notice of reliable job information" listed in, among

5

other publications, the DOT. *Id.* § 404.1566(d). Additionally, the Commissioner may elicit testimony from a vocational expert to prove there are jobs in the national economy that the claimant can perform. *Id.* § 404.1566(e). And the ALJ must adequately and precisely reflect Plaintiff's limitations in the hypothetical questions she poses to the vocational expert. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

> The Addresser job requires a language level of 2:
>
> READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories ad comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes. WRITING: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs."

DOT, App. C § III: Components of Definition Trailer, 1991 WL 688702.

At a previous hearing, Plaintiff testified she has trouble spelling, and she has to "re-read . . . and if a word looks strange to [her], [she has] to go and figure out what that word is before [she] can continue reading." AR 44-45. She is able to follow instructions on a box to make a cake. *Id.* at 45. She points to Dr. Suzan Simmons's finding that Plaintiff had trouble reading and understanding written information. Doc. 19, at 7. She could repeat one sentence, but not a second. *Id.* (citing AR 445, 446). She argues that she cannot perform at a fourth to a sixth-grade level that an Addresser requires. *Id.* at 8;

AR 55-56 (vocational expert testimony from previous hearing stating that a language ability requirement of 2 would be "consistent with a fourth to a sixth-grade level," and a "limited reading and writing ability"); *see also* 20 C.F.R. § 404.1564(b)(2) (stating that the Commissioner considers marginal education to be "formal schooling at a 6th grade level or less").

Plaintiff graduated from high school in 2003 "assisted by the special education program." AR 442. She and her mother list "reading" as one of her hobbies, although "it takes [her] a long time." *Id.* at 216, 224. As the Commissioner argues, she completed "culinary training and [was able to] work [as a] cook[] with a special needs program." Doc. 23, at 9 (citing AR 442-43). And under the SSA rules, having a high-school degree corresponds with the ability to do semi-skilled and skilled work. AR 442; 20 C.F.R. § 404.1564(b)(4). "GED does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job . . . ." *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013). The ALJ concluded Plaintiff's mental status examination showed a mild cognitive limitation. AR 807. Plaintiff does not quarrel with any of these conclusions.

The ALJ's hypothetical to the vocational expert included a limited ability to read, write, and use numbers. *Id.* at 837. The vocational expert stated her

testimony was consistent with the DOT. *Id.* at 835; SSR 00-4p, 65 Fed. Reg. 75759 (Dec. 4, 2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is . . . consistency" between the vocational expert's testimony and the DOT.); *cf. Nail v. Colvin*, 2013 WL 955023, at *3 (E.D. Okla. Mar. 12, 2013) (reversing where ALJ did not resolve conflict and failed "to reconcile this job with his finding that the claimant is illiterate"). Substantial evidence supports the ALJ's finding that Plaintiff could perform jobs with a reasoning level of two. The undersigned agrees any error was harmless in that Plaintiff could perform the Addresser job, with 40,000 positions available nationally. *See* AR 818; *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform a job was harmless error since there were still two jobs the claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where [claimant] lives or several regions of the country").

Plaintiff does not argue that 40,000 jobs nationally equal a significant number of jobs for step-five purposes. The ALJ only found the three jobs in the aggregate met this level. AR 817-18. The ALJ did not analyze the numerical

significance of the only correctly identified job as it applied to Plaintiff's factual situation.

The Commissioner argues that 40,000 jobs in the national economy overcomes harmless error. Doc. 23, at 6 (citing some "substantial evidence" cases and some "harmless error" cases). The Court applies the more rigorous harmless error standard rather than the typical "substantial evidence" standard. That requires the Court to determine whether it can "confidently say no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

"[T]here is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in *Allen* that [the Tenth Circuit] refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs [the Tenth Circuit] considered (in *Stokes*) to be sufficient so far for application of harmless error." *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016).

In *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009), the court implied that 11,000 nationally available jobs was a significant number, and in *Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016), the court held that

24,900 jobs available throughout the nation was "significant." *See also Sawney v. Saul*, 2020 WL 5652177, at *9 (E.D. Okla. Sept. 22, 2020) (finding harmless error where "the Court is persuaded that 25,000 jobs available nationally for the conveyor line baker worker is significant"); *Washington v. Saul*, 2019 WL 4080925, at *4 (D. Kan. Aug. 29, 2019) ("There is no doubt that 53,000 is a significant number of available jobs."); *Sly v. Berryhill*, No. CIV-17-781-BMJ, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (finding that 32,000 jobs is a significant number of available jobs); *Fox v. Colvin*, No. CIV-14-489-R, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) (applying harmless error and "find[ing] that 32,000 utility tractor operator jobs in the national economy is [] significant"). The Court concludes that 40,000 jobs is a significant number for purposes of harmless error. The Court affirms the ALJ's decision.

**ENTERED** this 8th day of February, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE